IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TIMOTHY JACOBS,<br>Register No. 518347, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | No. 05-4214-CV-C-SOW |
| ALFRED GARCIA, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants have filed motions to dismiss, citing among other basis for dismissal, plaintiff's failure to exhaust his administrative remedies prior to the filing of his complaint on May 26, 2005.

Plaintiff's allegations begin with the alleged incident of May 1, 2005, when plaintiff states defendants failed to protect him from the assault of another inmate, resulting in his arm being broken. Plaintiff's additional allegations relate to incidents which occurred subsequent to May 1, 2005, and include allegations that on May 17, 2005, he was again assaulted, resulting in his arm being rebroken. Plaintiff further alleges that he continues to be denied medical care for his broken arm, and suffers retaliation.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005, Missouri Department of Corrections Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims upon receipt of a grievance appeal response. *See* Missouri

Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (Mar. 11, 2005). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

The records before the court clearly indicate that plaintiff failed to exhaust his administrative remedies prior to the filing of his complaint. Plaintiff filed his complaint less than thirty days after the alleged first incident of assault, and less than ten days after the alleged second assault. Plaintiff's assertion that he filed an emergency grievance, and that such grievance was denied, fails to establish exhaustion. A review of the documents submitted indicate plaintiff was advised in the denial of his emergency grievance that, based upon such denial, he should seek relief pursuant to the Missouri Department of Corrections standard grievance procedures. Accordingly, plaintiff's claims against all defendants should be dismissed for failure to exhaust administrative remedies, and his remaining motions denied, without prejudice.

The court notes that plaintiff's requests for injunctive relief with regard to his claims fail to allege a threat of imminent harm to plaintiff. The court notes that plaintiff's most recent December 12, 2005, filing indicates he is receiving medical care for his arm, and that his additional claims are being addressed by the Department of Corrections. Plaintiff indicates that the Inspector General for the Department of Corrections, and the Sheriff have met with him recently regarding his allegations.

Plaintiff may refile suit on these claims after exhausting his administrative remedies; however, he will be required to pay the full filing fee. 28 U.S.C. § 1915. Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Based on the foregoing, plaintiff's motions for extensions of time will be denied.

IT IS, THEREFORE, ORDERED that plaintiff's motions for extensions of time are denied [40, 43]. It is further

RECOMMENDED that defendants' motions to dismiss be granted and plaintiff's claims be dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e [20, 31, 37]. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief, for hearing, and for extension of time be denied, without prejudice [17, 29, 32].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 22nd day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3